THE PEOPLE OF UTAH TERRITORY ex rel. W. H. DICKSON, United States District Attorney, Respondent, v. NEPHI W. CLAYTON, Appellant.

SAME v. JAMES JACK, Appellant.

Appeal—Title to Office in Dispute—Not to be Measured in Money.—When "the matter in dispute" is the right to a public office, it cannot be measured in money, and no appeal will lie from a judgment settling such right, by virtue of a statute providing for an appeal when "the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars."

Id.—No Federal Question.—In the proceeding in the nature of a *quo warranto* to determine the right to a territorial office of one claiming it under a territorial statute; *held*, that the validity of a statute, or an authority exercised under the United States was not drawn in question.

Applications to the supreme court of the territory to allow an appeal from its judgment in the case of *People*

*etc.* v. *Clayton*, ante p. 421, and in the case of *People etc.* v. *Jack*, ante p. 438, to the supreme court of the United States.

*Messrs. Sutherland & McBride, Mr. Arthur Brown, Mr. Le Grand Young,* and *Mr. Ben Sheeks,* for the motion.

*Mr. P. L. Williams, contra.*

POWERS, J.:

The defendants move this court to allow them to appeal from its judgments to the supreme court of the United States. The motions are based upon an act of Congress, entitled "An act regulating appeals from the supreme court of the District of Columbia and the supreme courts of the several territories," found in the statutes of the United States for 1884 and 1885, p. 443. It is the act of March 3, 1885, and reads as follows:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that no appeal or writ of error shall hereafter be allowed from any judgment or decree in any suit at law or in equity in the supreme court of the District of Columbia, or in the supreme court of any of the territories of the United States, unless the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars."

"Sec. 2. That the preceding section shall not apply to any case wherein is involved the validity of any patent or copyright, or in which is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States; but in all such cases an appeal or writ of error may be brought without regard to the sum or value in dispute."

It is contended that the defendants are entitled to an appeal under each of the foregoing sections. In order to better understand the question before us, let us consider what are the issues in these cases, or, in other words, what is the "matter in dispute." The proceedings were actions

in the nature of *quo warranto* to determine the rights of the defendants, respectively, to the offices of auditor of public accounts and treasurer of the territory of Utah. The questions litigated, so far as the defendants were interested, were their titles to the offices named. That was the only "matter in dispute." It is a matter which cannot be measured by dollars and cents, and it is clear, upon the most cursory examination, that it does not come within the first section of the act. Turning, then, to the second section, it becomes equally clear that in these cases there was not involved the validity of any patent or copyright, and certainly there was not drawn in question the validity of any treaty. The question remaining is whether there was drawn in question the validity of any statute or of any authority exercised under the United States.

The defendants claimed to be territorial officers. They based their title upon an election by the people of the territory under and by virtue of a territorial statute. The extent to which they were concerned in the cases was their right to hold office under a territorial law. They were exercising no authority under the United States, but they claimed their title from another source. They had no interest and had no right to be heard upon any other question. This court held that the territorial law was void, so far as it provided for an election by the people, or by any other mode than that pointed out by the organic act and by section 1857 of the Revised Statutes. No statute of the United States was drawn in question. No contention was made but that the organic act and section 1857 of the Revised Statutes of the United States were valid. On the contrary, it was a statute of the territory, and an authority exercised under and by virtue of that statute which was drawn in question and was passed upon. The power and authority of the legislature to legislate upon the particular subject-matter was not questioned, for it has that authority. This court simply decided that the officers named could not be selected in the manner which the legislature had pointed out.

In the case of *U. S.* v. *Snow*, ante p. 280, this court had construed a statute of Congress, and the question came

up in the supreme court of the United States whether that court had jurisdiction to hear and determine the case. We can do no better than to quote the language of that court. After reciting the statute of Congress which we have now under consideration, the supreme court, speaking by Mr. Justice Blatchford, says: (118 U. S., 346).

"This act is relied on by the plaintiff in error as covering the present cases. The first section of it applies solely to the judgments or decrees in suits at law or in equity, measured by a pecuniary value. If the second section applies to a criminal case, wherein 'is drawn in question the validity of a statute of, or an authority exercised under, the United States,' without regard to whether there is or is not any sum or value in dispute, the question still remains for consideration whether, in the present cases, the validity of a statute of the United States, or the validity of an authority exercised under the United States, is drawn in question.

"The peculiar language of section 2 is to be noted. In section 709 of the Revised Statutes, allowing a writ of error to review a final judgment or decree in any suit in the highest court of a state in which a decision in the suit could be had, the language is, 'where is drawn in question the validity of a treaty or statute of, or an authority exercised under, the United States, and the decision is against their validity.' This language is taken from section 2 of the act of February 5, 1867 (14 St., 386), where it is reproduced *verbatim* from section 25 of the judiciary act of September 24, 1789 (1 St., 85). In section 2 of the act under consideration the words 'and the decision is against their validity,' are not found. In section 1911 of the Revised Statutes, in regard to Washington Territory, the language, adopted substantially from the act of March 2, 1853 (10 St., 175), is, 'in all cases where the Constitution of the United States, or a treaty thereof, or acts of Congress, are brought in question;' and it is not limited to the case of a decision against the validity of the act of Congress which is brought in question; but only where the validity of a statute of the United States is drawn in

question, or where the validity of an authority exercised under the United States is drawn in question; but this is not limited by the requirement that the decision shall have been against such validity.

"In the present cases the validity of a statute of the United States is not drawn in question. No such question is presented by the bills of exceptions, or the requests for instructions, or the exceptions to the charges, or anywhere else in the records. Nor is the validity of an authority exercised under the United States drawn in question. The plaintiff in error contends that the construction of the act of 1882 is drawn in question, and also the authority exercised under the United States by which he was tried and convicted; that the authority of the United States is invoked to deprive him of his liberty in a court established by Congress and acting solely by federal power; and that the question is whether the authority exercised by the court under the act of 1882 is a valid authority, and within the scope of that act, because the contention is that the court misconstrued the statute, and acted beyond the authority which it conferred. The authority exercised by the court in the trial and conviction of the plaintiff in error is not such an 'authority' as is intended by the act. The validity of the existence of the court, and its jurisdiction over the crime named in the indictments, and over the person of the defendant, are not drawn in question. All that is drawn in question is whether there is or is not error in the administration of the statute. The contention of the plaintiff in error would allow a writ of error from this court in every criminal case in a territory where the prosecution is based on a statute of the United States; and, indeed, might go still further, for the authority of every court sitting in a territory is founded on a statute of the United States. From the fact that a given criminal case involves the construction of a statute of the United States it does not follow that the validity of 'an authority exercised under the United States' is drawn in question."

The foregoing is clearly in line with the views we have expressed, and is an authoritative exposition of the law.

It is in conflict with the claims set up by the defendants, and indicates that they have no right to appeal. The contention made, that because the court below held that the appointees of the governor were entitled to the offices in dispute, therefore "an authority exercised under the United States" is drawn in dispute, is of no moment. In deciding these cases, we said, in substance, that the defendants are not interested in the action of the governor, but only in the question as to their own right to hold office. They can be heard only so far as the judgment of the lower court affected such right. The action of the governor cannot be properly criticised by the defendants. While this court expressed its opinion, which it now reaffirms, that the governor was authorized to do what he did do, we were not required to pass upon that question in disposing of the appeal of the defendants.

We are clearly of the opinion that the defendants have no right to appeal to the supreme court of the United States, and the motions for appeals are denied.

ZANE, C. J., and BOREMAN, J., concurred.